T.C. Summary Opinion 2003-120

UNITED STATES TAX COURT

LAURA ANN FLOOD, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 10645-02S.                   Filed August 27, 2003.

Laura Ann Flood, Petitioner, pro se.

<u>Rebecca S. Duewer</u> and <u>Paul R. Zamolo</u>, for respondent.

PAJAK, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time the petition was filed.  Unless otherwise indicated, section references are to the Internal Revenue Code in effect for the year in issue.  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.

Respondent issued a Letter 3193-c, Notice of Determination Concerning Collection Action(s) Under Sections 6320 And/Or 6330, in which respondent determined that the two Notices of Federal Tax Lien filed against petitioner would not be released or withdrawn. This Court must decide: (1) Whether petitioner is entitled to amend her 1995 tax return, and (2) whether respondent improperly considered petitioner's section 401(k) plan as a means of satisfying her tax liabilities.

Some of the facts in this case have been stipulated and are so found. Petitioner resided in Alameda, California, at the time she filed her petition.

During taxable year 1995, petitioner, a legal secretary, was married to Joseph F. Beharrysingh (Mr. Beharrysingh). With the concurrence of petitioner and for family reasons, Mr. Beharrysingh filed an individual income tax return, with the filing status of married filing separate, for taxable year 1995. Sometime thereafter, petitioner and Mr. Beharrysingh divorced.

On February 3, 1997, petitioner filed an individual income tax return for 1995, dated "4/15/96", with the filing status of married filing separate, and reported a total tax of $14,476, less Federal withholding of $6,687.68, for an amount owed of $7,788.36.

Petitioner offered into evidence an unsigned and undated Form 1040X, Amended U.S. Individual Income Tax Return, changing

her filing status and that of Mr. Beharrysingh from "married filing separately" to "married filing jointly" for the year 1995, and showing tax due of $4,483. The Form 1040X bears an Internal Revenue Service, Fresno, California, date stamp of June 7, 1997.

Petitioner also offered a Form 8009, We Need More Information to Process Your Amended Return, issued by respondent. Two boxes were checked on that Form 8009: Box 1, which requested that the amended return be signed by both spouses; and Box 28, which discussed the full payment of tax requirement for a subsequently filed joint return, which in petitioner's case called for a payment of $4,483.

In October 2000, respondent issued two Forms 668(Y)(c), Notice of Federal Tax Lien, to petitioner. One was for taxable years 1991 and 1995; the other was for taxable year 1993.

On November 13, 2000, petitioner submitted a request for a hearing, which was held on June 4, 2001.

Petitioner raises only two issues as a result of her hearing. Petitioner contends that she should be entitled to amend her 1995 individual income tax return and that her section 401(k) plan was improperly considered as a means of satisfying her outstanding tax liabilities.

We first address the amended return question. Section 6013(b) allows a joint return to be filed after separate returns have been filed, if for the taxable year for which separate

returns were filed a joint return could have been filed. Under section 6013(b)(2), a joint return may not be filed, subsequent to filing separate returns, after the expiration of 3 years from the last date prescribed by law for filing the return for such taxable year. The 3-year period of limitations for filing a joint return under section 6013(b) for the 1995 taxable year expired on April 15, 1999. Furthermore, section 6013(b)(2) provided that no election could be made "unless there is paid in full at or before the time of the filing of the joint return the amount shown as tax upon such joint return".

The Taxpayer Bill of Rights 2, Pub. L. 104-168, sec. 402(a), 110 Stat. 1459 (1996), amended section 6013(b)(2) by repealing the requirement that the tax shown on the subsequently filed joint return be paid in full at or before the filing of the joint return. What is critical here is that this amendment was made effective for taxable years beginning after July 30, 1996. Sec. 6013(b)(2); sec. 1.6013-2(b)(1), Income Tax Regs. Thus, the law governing taxable years before July 30, 1996, requires full payment of the tax shown on a subsequently filed joint return.

Petitioner offered no evidence, other than her own testimony, that she complied with the Form 8009 request to submit a Form 1040X signed by both spouses. Petitioner testified that she believed she signed the Form 1040X and mailed it to respondent. She did not say her husband signed the form. The

hearing examiner searched the Internal Revenue Service computer records for Mr. Beharrysingh and petitioner and found no record of an amended return being filed.

With respect to the Form 8009, petitioner admitted that she "could not pay this new amount [of $4,483] in full before the amended return [could] be considered". Thus, petitioner admits she did not comply with the requirements set forth in the Form 8009.

Instead, petitioner claimed that "section 6013(b) had been amended effective January 1, 1997 to allow taxpayers to amend from separate returns to joint, without paying outstanding taxes due first." Petitioner is very articulate, but she is wrong about the effective date. As stated, the amendment of section 6013(b), which removed the payment requirement, was effective for taxable years beginning after July 30, 1996. The amending legislation was prospective in application, not retroactive, and thus is inapplicable here. The taxable year in issue is 1995, a taxable year that obviously precedes the effective date of the amendment. Any subsequently filed joint return for taxable year 1995 would have to have been accompanied by full payment of any tax due as shown on that return. Even if petitioner had been able to establish that she submitted a signed Form 1040X within the prescribed statutory period, she admitted she could not have made the payment of tax required in order to file such a form.

Unfortunately for petitioner, we conclude that petitioner did not amend her 1995 tax return under the requirements of section 6013(b)(2) as in effect for the taxable year in question.

We now turn to the section 401(k) plan question. Petitioner contends that respondent improperly considered the use of petitioner's section 401(k) plan as a means to satisfy petitioner's outstanding tax liability. We do not view this as improper. Respondent was required to take into account petitioner's assets, including the retirement plan.

Reviewed and adopted as the report of the Small Tax Case Division.

<u>Decision will be entered</u>

<u>for respondent</u>.